# United States Bankruptcy Court
### District Of Colorado

In re __BRIAN THOMAS WENGLER__ , )
*Debtor* )
) Case No. __08-26395 EEB__
)
Address __1200 Humboldt Street, Unit 102__ )
)
__Denver, Colorado 80218__ ) Chapter __7__
)
Last four digits of Social-Security or Individual Tax- )
Payer-Identification (ITIN) No(s).,(if any): __9917__ )
)
)
__SALLIE MAE SERVICING__ )
*Defendant* )
)
__MRS ASSOCIATES__ )
*Defendant* )
)

**Complaint to Enjoin Enforcement of a Dischargeable Educational Loan or Benefit Overpayment.**

Brian Thomas Wengler, plaintiff herein, for his complaint against defendants, alleges as follows:

1. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157 (b).
2. Plaintiff is the debtor in this chapter 7 case. Defendants are respectively Sallie Mae Servicing and MRS Associates, which are creditors of plaintiff.
3. This is an adversary proceeding to enjoin enforcement of a dischargeable educational loan or benefit Overpayment.
4. Plaintiff is indebted to Sallie Mae Servicing in the sum of 79,891.00 dollars for an educational loan made or insured by Sallie Mae Servicing. Also, Plaintiff is indebted to MRS Associates in the sum of 34,841.45 dollars for an educational loan made or insured by MRS Associates.
5. Plaintiff obtained this loan to attend Southern Methodist University.
6. Plaintiff made good faith efforts to repay this debt despite his circumstances paying back 1,691 dollars of his student loan debt.
7. Plaintiff is currently unable to make payments on this debt because at 247 dollars a month (Mr. Wengler's average monthly income over the last 6 months) he will be

unable to maintain a "minimal" standard of living if forced to repay student loans (totaling 114,732.45 dollars). Also, 34,841.45 dollars in private loans cannot be put into forbearance or deferment despite Mr. Wengler's dire economic circumstances and are currently in collections at MRS Associates. Furthermore, Mr. Wengler has bi-polar disorder for which he has been hospitalized three times this year for treatment

8. Plaintiff's ability to repay the debt is unlikely to improve because Mr. Wengler has a permanent bi-polar disorder. Additionally, Mr. Wengler's previous 2 year and 10 plus months income (2006-current) has been only 20,146.50. Furthermore, in 2005, Mr. Wengler earned less than 3,000 dollars. Therefore, since Mr. Wengler's financial situation has been dire in the 3 years and 10 plus months since graduation in consideration of his permanent bi polar disorder makes it probable that this dire state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

9. Repayment of this debt would cause undue hardship to the plaintiff.

WHEREFORE, plaintiff prays that the court enter a declaratory judgment that the debt of 114,732.45 dollars is dischargeable under 11 U.S.C. § 523 (a)(8); that the court enter judgment enjoining defendant from taking any action against plaintiff to enforce the debt and that plaintiff have such other and further relief as is just.

Dated: November 1, 2008

Brian Thomas Wengler
1200 Humboldt Street, Unit 102
Denver, CO. 80218
310-770-0342

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Brian Thomas Wengler | **DEFENDANTS** Sallie Mae Servicing, MRS Associates |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE: Nov 7 2008

PRINT NAME OF ATTORNEY (OR PLAINTIFF): Brian Thomas Wengler

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.